**BLAZON, INC., Plaintiff-Appellant,**

v.

**BLAZON MOBILE HOMES CORPORA-TION, Defendant-Appellee.**

**No. 17073.**

United States Court of Appeals
Seventh Circuit.

Sept. 12, 1969.

Rehearing Denied July 16, 1969.

Albert L. Ely, Jr., Ely & Golrick, Cleveland, Ohio, Robert G. Irish, Hood, Gust & Irish, Fort Wayne, Ind., for plaintiff-appellant.

William D. Stokes, Washington, D. C., Roland Obenchain, Jr., South Bend, Ind., for defendant-appellee.

Before KILEY and KERNER, Circuit Judges, and HOLDER, District Judge.[1]

---

1. Judge Holder is sitting by designation from the Southern District of Indiana, Indianapolis Division.

KERNER, Circuit Judge.

Plaintiff-appellant, Blazon, Inc., (Blazon) filed suit against Blazon Mobile Homes Corporation (Mobile Homes), defendant-appellee, claiming that defendant's use of the name Blazon infringed upon its trademark and was "likely to cause confusion, or to cause mistake, or to deceive. * * *" 15 U.S.C. § 1114(1) (a). The district court rendered summary judgment for Blazon Mobile Homes Corporation based on depositions, affidavits, answers to interrogatories, responses to requests for admission and exhibits. From this judgment, Blazon appeals.

Blazon, Inc., an Ohio corporation, was organized in 1946 and since that time had manufactured and sold children's play and sport equipment including gymnasium sets and pools. In 1959 plaintiff also began to produce lawn furniture, including lawn swings and patio benches. The prices of its products to the retailer range from 41¢ to $45.95. The products were distributed and sold through various organizations including Montgomery Ward; J. C. Penney & Co.; Sears, Roebuck & Co.; Western Auto Stores; Firestone Tire & Rubber Co.; and B. F. Goodrich Stores. Its products are also exhibited and sold at various national and regional toy and houseware shows. Advertising is done exclusively through its own catalogue.

Blazon registered its trademark in 1954 and its mark was classified in the Patent Office Trademark Class 22 ("Games, Toys and Sporting Goods"). Plaintiff also uses twenty-nine other trademarks to identify its products. Among these is Blazonite, which is used to identify galvanized steel sheets.

Blazon Mobile Homes, located in Elkhart, Indiana, was incorporated in 1964. The shareholders claim that the word "Blazon" was chosen after a word search through the family dictionary. From its inception Blazon Mobile Homes has not manufactured or sold a single mobile home. Rather, the business has been limited to the manufacture and sale of travel trailers and pick-up campers. The price range of these products is from $970 to $2,645. The trailers are sold exclusively through dealers, none of whom sell items similar to those manufactured by plaintiff-appellant Blazon. Mobile Homes displays and sells its products at mobile home shows held in Elkhart, Indiana, and Cleveland, Ohio, and its advertising is done in national magazines dealing with mobile homes and campers.

■ "Blazon" is a word found in most dictionaries having reference to a shield or coat of arms. As applied to the products here involved, it is not descriptive, or suggestive of the characteristic of the product, nor is it a coined word. Rather, "Blazon" falls into the arbitrary category. Cf. Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 611 (7th Cir. 1965). We do not think as contended by appellants that the word "Blazon" is stronger than the usual arbitrary mark. The trial court properly held that there is no evidence that any so-called secondary meaning has attached to plaintiff's "Blazon" trademark.

■ The Lanham Trademark Act test of infringement is whether "such use is likely to cause confusion, or to cause mistake, or to deceive. * * *" 15 U.S.C. § 1114(1) (a). If the same trademark is used in an unrelated field, there is no likelihood of confusion. Fleischmann Distilling Co. v. Maier Brewing Company, 314 F.2d 149 (9th Cir. 1963). In Westward Coach Manufacturing Co. v. Ford Motor Co., 388 F.2d 627 (7th Cir. 1968), the court was presented with a question of infringement under the Indiana Trade-Mark Act, Ind.Ann.Stat. § 66–142 (Burns' 1961 Repl.) which adopts a test similar to that in 15 U.S.C. § 1114(1) (a) and found, unlike the matter before us, that though there was a common market for users and dealers for the automotive and trailer industries with the use of the mark "Mustang", there was no likelihood of confusion concerning the "Mustang" automobile. The

court in California Fruit Growers Exchange v. Sunkist Baking Co., 166 F.2d 971 (7th Cir. 1947), in considering the term "Sunkist" as applied to bread and citrus fruits, said:

> Unless "Sunkist" covers everything edible under the sun, we cannot believe that anyone whose I.Q. is high enough to be regarded by the law would ever be confused or would be likely to be confused in the purchase of a loaf of bread branded as "Sunkist" because someone else sold fruits and vegetables under that name. The purchaser is buying bread, not a name. If the plaintiffs sold bread under the name "Sunkist," that would present a different question; but the plaintiffs do not, and there is no finding that the plaintiffs ever applied the word "Sunkist" to bakery products. 166 F.2d at 973–974.

■ We agree with the district court that there is no likelihood of confusion between the products of Blazon and those of Blazon Mobile Homes. The market for children's toys and sport equipment is completely separate from that of trailers and campers. Even the expansion by Blazon, Inc. into patio furniture for adults does not create an overlap in markets. Further, methods of distribution and the respective prices of the products negate any conclusion of confusion as to the source of the products. Each is known in its product area, and we cannot conclude that the trademark "Blazon" covers everything in the recreational area. Cf. California Fruit Growers Exchange v. Sunkist Baking Co., 166 F.2d 971 (7th Cir. 1947).

Appellant claims that there is evidence of actual confusion since a representative of Sears Roebuck inquired of an officer of Blazon at a cocktail party regarding Blazon's trailers. Sears does not sell trailers and the employee admitted that his interest in trailers was a personal one. We agree with the district court that this evidence, alone, does not show confusion resulting from the use of "Blazon" by both companies.

Plaintiff also contends the district court improperly relied on differences in the channels of distribution since the plaintiff could also market its products through trade magazines and dealerships. Plaintiff has not chosen to adopt these other channels of distribution and we will not speculate as to the result if it did. Rather it is our conclusion that children's play equipment and trailers and campers are two separate product markets and the use of "Blazon" in both markets is not likely to cause confusion. There are other companies in other fields who use the word "Blazon" in their title and their use of "Blazon" no more than its use by the defendant here contributes to any confusion as to the source of the products.

■ Blazon has charged Mobile Homes with unfair competition under Indiana law. The Indiana Statute, Ind. Ann.Stat. § 66–142 (Burns' 1961 Repl.), which embodies the case law on unfair competition is similar to 15 U.S.C. § 1114 (1) (a). Westward Coach Manufacturing Co. v. Ford Motor Co., 388 F.2d 627 (7th Cir. 1968). For the reasons set forth above as to the lack of violation of the Lanham Trade-Mark Act, we do not think that it was unfair competition to use the word "Blazon" to sell mobile homes.

For the foregoing reasons, we affirm.

Affirmed.